UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID APARICIO-ARTIAGA,

                Petitioner,

vs.                                  Case No.  2:06-cv-155-FtM-29SPC

UNITED STATES OF AMERICA,

                Respondent.
_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner's Petition for a Writ of Habeas Corpus Title 28 U.S.C. § 2241 (Doc. #1[1]) filed on March 28, 2006.  Petitioner moves, pursuant to 28 U.S.C. § 2241, for "relief from the conditions and constitutionality of his current deprivation of liberty." (Doc. #1, p. 4.)  Petitioner also moves for: (1) an appointment of counsel and (2) disqualification of the undersigned.

**I.**

On October 9, 2003, in Case Number 2:03-cr-116-FTM-29-SPC, David Aparicio-Artiaga (petitioner or Aparicio-Artiaga) was charged by Indictment (Cr. Doc. #1) with being found in the United States without permission after having been deported following conviction

---

[1]Docket numbers referring to the criminal case are cited as (Cr. Doc.). Petitioner's 2005 civil case will be referenced as (Civ. Doc.) and docket numbers referring to the 2006 civil case are cited as (Doc.).

for an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2).  Petitioner was detained pending trial.

Trial was scheduled for March 2, 2004 (Cr. Doc. #35) but petitioner entered into a written Plea Agreement (Cr. Doc. #36). A change of plea hearing was held before the undersigned (Cr. Doc. #37) on that date, and petitioner entered a plea of guilty to illegal reentry of a deported alien who previously had been convicted of a felony offense in violation of Title 8, U.S.C. §§ 1326(a) and (b)(2) (Cr. Doc. #36).  On March 4, 2004, petitioner filed a motion to withdraw his guilty plea (Cr. Doc. #40), which was denied in a March 8, 2004 Order (Cr. Doc. #41).  On April 14, 2004 petitioner filed a motion for a medical downward departure in his sentencing (Cr. Doc. #43).  Sentencing was held on June 14, 2004 and petitioner was sentenced to ninety-six months imprisonment and thirty-six months supervised release (id.).  Petitioner filed a direct appeal (Cr. Docs. #48-50), which the Eleventh Circuit dismissed pursuant to the appeal waiver contained in petitioner's plea agreement.  (Cr. Doc. #64.)

On July 8, 2005, petitioner filed a motion to vacate under 28 U.S.C. 2255.  See Case No. 2:05-cv-325-FTM-29.  The Court denied petitioner's §2255 motion in a twenty-two page Opinion and Order (Cr. Doc. #66, Civ. Doc. #13).  A Judgment (Civ. Doc. #14) was entered the same day.  On March 6, 2006, petitioner filed a Notice of Appeal (Civ. Doc. #15).  A certificate of appealability was

denied by the district court (Civ. Doc. #17) and by the Eleventh Circuit (Civ. Doc. #18), and the appeal was closed.

On March 28, 2006, petitioner filed the current "Petition for a Writ of Habeas Corpus Title 28 U.S.C. § 2241." Petitioner attacks the validity of his underlying conviction and sentence, alleging violations of multiple constitutional amendments, coercion of a guilty plea by ineffective assistance of counsel, incompetency to plead guilty, and the failure to order a competency evaluation. These issues had been addressed in petitioner's § 2255 motion.

**II.**

The availability of habeas relief pursuant to 28 U.S.C. § 2241 is a question of law. Dohrmann v. United States, 442 F.3d 1279, 1280 (11th Cir. 2006). The applicable legal principles are well settled:

> Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under § 2255. When a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission from [the Eleventh Circuit] before filing a successive § 2255 motion. The "savings clause" in § 2255, however, permits a prisoner to file a § 2241 petition if an otherwise available remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." The burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy rests with the movant.
>
> The restrictions on successive § 2255 motions, standing alone, do not render that section "inadequate or ineffective" within the meaning of the savings clause, and consequently, a petitioner who has filed and been denied a previous § 2255 motion may not circumvent the AEDPS's successive-motion rule simply by filing a petition under § 2241. The savings clause only applies

> when (1) the petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that decision established that the petitioner was convicted of a "nonexistent offense"; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised at the petitioner's trial, appeal, or first § 2255 motion.

Dukes v. United States, 189 Fed. Appx. 850, 851 (11th Cir. 2006)(internal citations omitted).

In this case, petitioner has not applied for or received permission from the Court of Appeals to file a successive § 2255. Petitioner has also not shown that he falls within the savings clause of § 2255, and indeed affirmatively disclaims reliance on § 2255. Therefore, the Court has no jurisdiction to entertain petitioner's § 2241 petition. Pursuant to United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990), cert. denied, 499 U.S. 979 (1991), the Court has considered all other possible bases for jurisdiction and finds none.

### III.

Petitioner seeks disqualification of the undersigned because of his prior "discriminatory" rulings in this case and "obvious bias and prejudice towards Hispanic person" and the fact that the Court has been influenced by extra-judicial sources in the form of petitioner's ineffective attorney. Such conclusory claims do not merit disqualification.

Accordingly, it is now

**ORDERED**:

-4-

1.  The Petition for a Writ of Habeas Corpus Title 28 U.S.C. § 2241 (Doc. #1) is **DISMISSED** and the request for other relief is denied.  The Clerk of the Court shall enter judgment dismissing the petition and close the file.

2.  The requirement to submit the $5.00 filing fee or a completed Affidavit of Indigency is moot.

**DONE AND ORDERED** at Fort Myers, Florida, this __27th__ day of April, 2007.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
David Aparicio-Artiaga